UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IQBAL AHMED, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 1:05-cv-1268-DFH-WTL |
| ) | |
| WALTER L. CHAPEL, RICHARD L. ) | |
| WALKER, and DARRYL WALKER, ) | |
| ) | |
| Defendants. ) | |

ORDER ON PETITION FOR REMOVAL

Darryl Walker filed with this court on August 24, 2005 a petition for removal. The petition states that Walker is a defendant in a civil action pending in the Superior Court for Los Angeles County, in the State of California. The underlying complaint is a quiet title action concerning real estate in Los Angeles. The removal petition invokes diversity jurisdiction and federal question jurisdiction.

The removal petition shows on its face that it is improper because it was filed in the wrong court. Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." The removal petition shows that any such removal would

have been required to be filed in the United States District Court for the Central District of California.

Filing a removal petition in the wrong district is ordinarily a matter of venue rather than subject matter jurisdiction. See *Peterson v. BMI Refractories*, 124 F.3d 1386, 1391 (11th Cir. 1997). When a case has been filed in the wrong district, a district court may dismiss or, in the interests of justice, order a transfer to a district where venue is proper. 28 U.S.C. § 1406. A transfer might be appropriate where, for example, the defendant removes to the wrong district within a state, such as in *Peterson*, where the removal occurred just a few weeks after the case had been transferred from a state court within one federal district to a different state court within another federal district. See 124 F.3d at 1391.

In this case, however, there is no apparent reason or basis for removal to the Southern District of Indiana. The defendants appear to reside in Indiana, so it would probably be more convenient for them to litigate in Indiana. But for a dispute over the ownership of property in California, the proper venue is obviously California. There is no basis for trying to require the California plaintiff to appear in a federal court in Indiana. It would not be reasonable even to require the plaintiff to appear here to contest the removal. See 28 U.S.C. § 1447(c) (providing for award of attorney fees and costs incurred by plaintiff in securing remand of improperly removed case).

Because the removal was so clearly improper, this is not a case in which the court should exercise its discretion to transfer the case to the Central District of California. This court believes that such a plainly improper attempt at removal should have no legal effect, such as the usual stay of state court proceedings when notice of the removal is properly filed in the state court. See 28 U.S.C. § 1446(d). Dismissal would not be appropriate, however, because that ruling might confuse matters by indicating that the underlying California case had somehow been dismissed. To remove any ambiguity or uncertainty that might arise, however, the court hereby REMANDS this action to the Superior Court for Los Angeles County, California. The Clerk of the Court shall immediately notify the parties of this action as soon as practicable.

So ordered.

Date: 9/6/05

DAVID F. HAMILTON, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Robert J. Nastase
LAW OFFICE OF ROBERT J. NASTASE
876 North Mountain Avenue
Suite 202
Upland, CA 91786

DARRYL WALKER
3604 North Glen Arm Road
Indianapolis, IN 46224

WALTER L. CHAPEL
.NULL.

RICHARD L. WALKER
.NULL.